**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

—————————

No. 24-1562

—————————

THERESA MARIA LAWS,
                                        Appellant

v.

BOROUGH OF LANSDALE; LANSDALE POLICE DEPARTMENT,
Municipal liability under Monell; CHIEF MICHAEL B. TRAIL, in personal and
official capacities; SERGEANT AMANDA NORTH, in personal and official capacities;
SERGEANT LIAM PYSKATY, in personal and official capacities;
POLICE OFFICER MATTHEW ERBELE, in personal and official capacities;
POLICE OFFICER DREW FREED, in personal and official capacities;
CHRIS KUNKEL, Director of Public Works; JASON VAN DAME,
Director of Community; SCOTT S. GRIBLING

—————————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:23-cv-01339)
District Judge:  Honorable Anita B. Brody

—————————

Submitted under Third Circuit L.A.R. 34.1(a)
on March 3, 2025

Before: MATEY, FREEMAN and ROTH, <u>Circuit Judges</u>

(Opinion filed: April 28, 2025)

---

OPINION[*]

---

ROTH, <u>Circuit Judge</u>

Theresa Laws appeals the District Court's order dismissing her complaint for failure to state a claim in an action for malicious prosecution under 42 U.S.C. § 1983 and derivative claims for municipal liability. For the following reasons, we will affirm.

## I. Background[1]

Laws filed suit in the United States District Court for the Eastern District of Pennsylvania after more than a decade of acrimony between Laws and her former next-door neighbor Scott Gribling. Laws and Gribling share a long history of calling the Lansdale Police Department on each other in response to various disturbances and conflicts. The conflict at the center of Laws' suit happened in February 2021. Gribling called police after he noticed signs posted in the rear window of Laws' car. The signs read:

> CONVICTED CRIMINAL ALERT! A convicted, violent drug offender lurks and stalks on Shaw Ave. He did jail time and is fresh off of probation. He is harassing me filling [sic] false claims against my auto insurance policy (that got dropped) and false police reports. This is an individual that killed and ate his pet rabbits that he claimed to love! This is an extremely violent person who beat his girlfriend unmercifully multiple times and remains in a home bought with drug sale proceeds because his sheisty [sic] immoral parents bought it from him for $1 after his arrest to hide it from the state.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] Because we write for the parties, we recite only those facts necessary to our disposition.

Warning!!! Do not go into any house in Lansdale without completing a free criminal background check on the occupants! Do not hire anyone to work inside or outside your home without running their name through this site!

Tell all your friends and family about this![2]

Sgt. Amanda North of the Lansdale Police Department responded to Gribling's call and filed two counts of harassment against Laws.[3] In Sgt. North's Affidavit of Probable Cause, she wrote that she was "very familiar" with Gribling and Laws' history, recognized the car as being "owned and operated" by Laws, and understood the signs to be about Gribling, "who was arrested in April 2016 for domestic assault and possession charges."[4] Sgt. North noted that "[t]here ha[d] been multiple reports" of Laws "harassing" Gribling "regarding his arrest and posting his criminal history on her residence and vehicle," and that Laws "was cited in 2018 for a similar incident where

---

[2] A-35.

[3] Sgt. North charged Laws with harassment under 18 Pa. Cons. Stat. § 2709(a)(3) and (a)(7). The relevant parts of the statute provide:

> **(a) Offense defined.--**A person commits the crime of harassment when, with intent to harass, annoy or alarm another, the person:
> . . .
> (3) engages in a course of conduct or repeatedly commits acts which serve no legitimate purpose;
> (4) communicates to or about such other person any lewd, lascivious, threatening or obscene words, language, drawings or caricatures;
> (5) communicates repeatedly in an anonymous manner;
> (6) communicates repeatedly at extremely inconvenient hours; or
> (7) communicates repeatedly in a manner other than specified in paragraphs (4), (5) and (6).

§ 2709(a).

[4] A-35.

3

[Gribling's] criminal history was posted on [Laws'] vehicle and her residence."[5] Laws was not arrested but was required to be fingerprinted and photographed, and to attend her preliminary hearing via videoconference. On April 7, 2021, Magistrate Judge Edward Levine dismissed the charges.

Just under two years later, on April 6, 2023, Laws filed suit against the Borough of Lansdale, the Lansdale Police Department, several members of the police department, including Sgt. North, and other borough employees (collectively "Lansdale Defendants"), as well as against Gribling. The Lansdale Defendants and Gribling separately moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6), and Gribling alternatively moved for a more definite statement. The District Court granted the latter motion and ordered Laws to revise her complaint. In her subsequent Amended Complaint, Laws alleged constitutional claims under 42 U.S.C. § 1983, asserting malicious prosecution, First Amendment retaliation, Equal Protection and Fourth Amendment violations, and supervisory and municipal liability. Laws also raised state law tort claims alleging false arrest and malicious prosecution against Gribling. The Lansdale Defendants and Gribling again moved to dismiss for failure to state a claim. This time the District Court granted the motions. The court held that the existence of probable cause to charge Laws with harassment for the February 2021 incident and the fact that Laws was never detained were fatal to many of her claims. The court also held that Laws failed to establish prima facie cases for her Equal Protection, supervisory

---

[5] A-35; *see also* A-141–43. Sgt. North was also the responding officer during the 2018 incident.

liability, and municipal liability claims. Laws appealed the dismissal of her § 1983

malicious prosecution and municipal liability claims.[6]

## II. Jurisdiction and Standard of Review

The District Court had federal question jurisdiction under 28 U.S.C. § 1331, and

supplemental jurisdiction over Laws' state law claims under 28 U.S.C. § 1367(a). We

have appellate jurisdiction under 28 U.S.C. § 1291 and "exercise plenary review over

rulings on motions to dismiss."[7] In reviewing a district court's ruling on a 12(b)(6)

motion, "we construe the complaint in the light most favorable to the plaintiff, accept all

'well-pleaded factual allegations' as true, and examine whether the complaint contains

'sufficient factual matter, accepted as true, to state a claim for relief that is plausible on

its face.'"[8] We "may affirm on any basis supported by the record."[9]

## III. Discussion

The District Court properly dismissed Laws' complaint for failure to state a

malicious prosecution claim under § 1983. Laws bases her malicious prosecution claim

on criminal harassment charges she faced after the February 2021 dispute with Gribling.

A Fourth Amendment malicious prosecution claim requires a plaintiff to show that: "(1)

---

[6] Laws' "Statement of the Issues Presented" in her opening brief mentions "other unconstitutional deprivations," but she makes no arguments to support these claims, so we do not consider them. *See* Appellant's Br. 1.

[7] *Twin City Fire Ins. Co. v. Glenn O. Hawbaker, Inc.*, 118 F.4th 567, 574 (3d Cir. 2024) (quoting *In re Majestic Star Casino, LLC*, 716 F.3d 736, 747 (3d Cir. 2013)).

[8] *Child.'s Health Def., Inc. v. Rutgers, the State Univ.*, 93 F.4th 66, 74 (3d Cir. 2024) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009)).

[9] *Id.* at 83 (quoting *Host Int'l v. MarketPlace, PHL, LLC*, 32 F.4th 242, 247 n.3 (3d Cir. 2022)).

the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in [the] plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding."[10] We agree with the District Court that Laws' claim fails on the third and fifth elements.

Addressing the third element, a malicious prosecution violation requires that "the proceeding was *initiated* without probable cause."[11] "Far from demanding proof of guilt beyond a reasonable doubt, 'probable cause exists if there is a fair probability that the person committed the crime at issue.'"[12] Laws was charged with harassment under § 2709(a)(7), which requires that a person act "with intent to harass, annoy or alarm another" by "communicat[ing] repeatedly" and under § 2709(a)(3), which requires the same intent while "engag[ing] in a course of conduct or repeatedly commit[ting] acts which serve no legitimate purpose." As demonstrated in her Affidavit of Probable Cause, Sgt. North had probable cause to charge Laws with criminal harassment given Laws' ownership of the vehicle displaying the signs, her history of repeated communications

---

[10] *Harvard v. Cesnalis*, 973 F.3d 190, 203 (3d Cir. 2020) (alteration in original) (quoting *Est. of Smith v. Marasco*, 318 F.3d 497, 521 (3d Cir. 2003)).

[11] *Lozano v. New Jersey*, 9 F.4th 239, 247 (3d Cir. 2021) (emphasis added) (quoting *Harvard*, 973 F.3d at 203).

[12] *Dempsey v. Bucknell Univ.*, 834 F.3d 457, 467 (3d Cir. 2016) (cleaned up) (quoting *Wilson v. Russo*, 212 F.3d 781, 789 (3d Cir. 2000)); *see also Geness v. Cox*, 902 F.3d 344, 359 (3d Cir. 2018) ("Probable cause requires only sufficient probability, not certainty that a crime has been committed[.]").

and acts directed toward Gribling without a "legitimate purpose," and the fact that Sgt. North had previously cited Laws for a similar incident in which Laws had placed signs in her car windows describing Gribling's criminal history.[13] Sgt. North's observations are supported by Laws' Amended Complaint, and dozens of exhibits attached to Laws' original Complaint, detailing the police response to numerous prior disputes between the neighbors.[14] Gribling reported Laws' February 2021 communications as harassment, and the language and presentation of the communications were clearly intended to be alarming to the reader, for example: "CONVICTED CRIMINAL ALERT!" and "[a] convicted, violent drug offender *lurks* and *stalks* on Shaw Ave."[15] While the charges against Laws were later dropped, there can be no malicious prosecution where there was probable cause to charge the defendant at the outset.

Turning to the fifth element of a malicious prosecution claim, Laws fails to show that she "suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding."[16] We have held that "[p]retrial custody and some onerous types of pretrial, non-custodial restrictions constitute a Fourth Amendment

---

[13] *See* § 2709(a)(3).
[14] As the District Court notes, when Laws filed her Amended Complaint, she neglected to attach the 51 exhibits that were included with her original Complaint but cited to the exhibits as if she had attached them. The court still considered the exhibits as "document[s] integral to or explicitly relied upon in the complaint." *Laws v. Borough of Lansdale*, No. 23-1339, 2024 WL 1078203, at *2 n.2 (E.D. Pa. Mar. 12, 2024) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)).
[15] A-35 (emphases added).
[16] *See Harvard*, 973 F.3d at 203 (quoting *Est. of Smith*, 318 F.3d at 521).

seizure."[17]  Laws, in contrast, was never in custody nor was she subject to any other burdensome pre-trial restrictions on her liberty.  Pursuant to a criminal summons, Laws was required to have her fingerprints and photo taken and appear at her preliminary hearing, but these actions do not rise to the level of an unreasonable seizure by the government under the Fourth Amendment.[18]  Under these facts, Laws fails as a matter of law to state a claim for malicious prosecution.

The District Court also properly dismissed Laws' municipal liability claims against Lansdale and the Lansdale Police Department under *Monell v. Department of Social Services*.[19]  In *Monell*, the Supreme Court held that § 1983 "plainly imposes liability on a government that, under color of some official policy, 'causes' an employee to violate another's constitutional rights."[20]  We have repeatedly recognized "that, if there is no violation in the first place, there can be no derivative municipal claim."[21]  That is the case here.  Because we find that Laws has not pleaded a plausible constitutional violation, her derivative claims for municipal liability also fail.

---

[17] *DiBella v. Borough of Beachwood*, 407 F.3d 599, 603 (3d Cir. 2005).

[18] *See id.* (finding no seizure where defendants "were only issued a summons," "were never arrested," "never posted bail," "were free to travel," and "did not have to report to Pretrial Services"); *cf. Gallo v. City of Philadelphia*, 161 F.3d 217, 225 (3d Cir. 1998), *as amended* (Dec. 7, 1998) (finding seizure under the Fourth Amendment where defendant's "liberty was restrained through travel restrictions and mandatory court appearances over an eight and a half month period").

[19] 436 U.S. 658 (1978).

[20] *Id.* at 692.

[21] *Mulholland v. Gov't Cnty.*, 706 F.3d 227, 238 n.15 (3d Cir. 2013); *see also Mervilus v. Union Cnty.*, 73 F.4th 185, 197 (3d Cir. 2023).

Alternatively, we will affirm the District Court's order because Laws' opening brief does not offer *any* explanation, or cite to *any* authority, in support of her substantive arguments. "It is well settled that an appellant's failure to ... argue an issue in his opening brief constitutes [forfeiture] of that issue on appeal."[22] The argument section of Laws' opening brief consists of a bald assertion that "the complaint speaks for itself" followed by a list of dates without explaining their relevance.[23] That is plainly insufficient.

## IV. Conclusion

For the foregoing reasons, we will affirm the District Court's judgment and order.

---

[22] *United States v. Savage*, 970 F.3d 217, 281 n.70 (3d Cir. 2020) (quoting *United States v. Pelullo*, 399 F.3d 197, 222 (3d Cir. 2005)).
[23] Appellant's Br. 9–10.